UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES VACCA ) | Case Number |
| ) | |
| Plaintiffs, ) | |
| ) | CIVIL COMPLAINT |
| vs. ) | |
| ) | |
| CR&ASSOCIATES ) | JURY TRIAL DEMANDED |
| ) | |
| Defendant. ) | |

**COMPLAINT AND JURY DEMAND**

**COMES NOW,** Plaintiff, James Vacca, by and through his undersigned counsel, Warren, Vullings & Vassallo, LLP, complaining of Defendant, and respectfully aver as follows:

I.  **INTRODUCTORY STATEMENT**

1. Plaintiff, James Vacca (hereinafter "Plaintiff"), is an individual consumer and brings this action for actual and statutory damages and other relief against Defendant for violations to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices. Plaintiff also brings this action pursuant to the Pennsylvania Fair Credit Extension Uniformity Act, 73 P.S. § 2270.1 et seq. ("FCEUA") and the Pennsylvania Unfair Trade Practices and Consumer Protection Law ("UTPCPL"), 73 Pa. C.S. § 201-1 et seq.

## II. JURISDICTION

2. Jurisdiction of this court arises under 15. U.S.C. § 1692k(d) and 28 U.S.C. §1337.  Declaratory relief is available pursuant to 28 U.S.C §2201 and 2202.

3. Venue in this District is proper in that the Defendant transacts business here and the conduct complained of occurred here.

4. Supplemental jurisdiction is conferred over Plaintiff's state law claims by 28 U.S.C. §1367(a).

## III. PARTIES

5. Plaintiff, James Vacca, is an adult individual and citizen of the Commonwealth of Pennsylvania residing at 387 Linden Avenue, Philadelphia, Pennsylvania, 19114..

6. Defendant, CRA ("Defendant"), at all times relevant hereto, is and was a corporation engaged in the business of collecting debt within the Commonwealth of Pennsylvania with its principal place of business located at 5545 Mountain Vista Street, Las Vegas, Nevada  89120.

7. Defendant is engaged in the collection of debts from consumers using the mail.  Defendant regularly attempts to collect consumer debts alleged to be due to another.  Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## IV. FACTUAL ALLEGATIONS

8. On or about December 20, 2006, an individual named Conrad Gray from CRA or CR&Associates called plaintiff's seventy (70) year old mother at 6:30 a.m. asking for plaintiff and "Andy". Plaintiff's mother was awakened from her sleep and told Conrad Gray she was half asleep and needed to find a pen and paper to take down the information.

9. Conrad Gray became rude and angry with plaintiff's mother and threatened her by demanding that if he did not hear back from plaintiff that day he would send a sheriff to plaintiff's mother's home "to find out what was going on".

10. An identical call from Conrad Gray was placed to plaintiff's brother-in-law, Billy, on or around the same date of December 20, 2006.

11. Conrad Gray was rude and threatening towards plaintiff's mother, who thought the Sheriff would arrest her and her son, the plaintiff. This caused plaintiff extreme emotional anxiety and stress and likewise caused the same to plaintiff's mother and brother-in-law.

12. Defendant's threatening and abusive language, along with defendant's deception in pretending the Sheriff's were being contacted to arrest plaintiff's elderly mother and plaintiff, are violations of the FDCPA.

13. Defendant's unlawful contact with a third party at 6:30 a.m. is a violation of the FDCPA.

## COUNT I
## FDCPA VIOLATION 15 U.S.C. § 1692 et seq.

14. The above paragraphs are hereby incorporated herein by reference.

15. Defendant violated the FDCPA. Defendant's violations include, but are not limited to the following:

    a. 15 U.S.C. 1692e(10), in that Defendant used false representations or deceptive means to collect or attempt to collect the alleged debt as stated more clearly above.

    b. 15 U.S.C. 1692e(11), in that Defendant failed to state that it was a debt collector attempting to collect a debt and that any information obtained would be used for that purpose.

    c. 15 U.S.C. 1692d, in that Defendant engaged in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff in connection with the collection of a debt.

16. As a result of the foregoing violations of the FDCPA, Defendant is liable to Plaintiff for a declaratory judgment that Defendant's conduct violated the FDCPA, actual damages, statutory damages, attorney's fees and costs and other appropriate relief, pursuant to 73 P.S. § 201-9.2.

**WHEREFORE**, Plaintiff respectfully requests that this court enter judgment in his favor and against Defendant and Order the following relief:

    a. Declaratory judgment that the Defendant's conduct violated the FDCPA;

    b. Actual damages;

    c. Statutory damages pursuant to 15 U.S.C. §1692k;

    d. Reasonable attorney's fees and costs of suit pursuant to 15 U.S.C. §1692k; and

  e. Such addition and further relief as may be appropriate or that the interests of justice require.

## COUNT II
## VIOLATIONS OF PENNSYLVANIA FAIR CREDIT EXTENSION UNIFORMITY ACT
## (FCEUA, 73 Pa. C.S. § 2270.1 et seq.

17. Plaintiff repeats, re-alleges and incorporates by reference the foregoing paragraphs.

18. The collection of debt in Pennsylvania is proscribed by the Fair Credit Extension Uniformity Act at 73 Pa. C.S. §2270.1 et seq., ("FCEUA") and the Pennsylvania Unfair Trade Practices and Consumer Protection Law 73 Pa. C.S. 201-1 et seq. ("UTPCPL").  Defendant is a "debt collector" pursuant to 73 Pa. C.S. §2270.3.

19. The alleged debt Defendant was attempting to collect is a "debt" as defined by 73 Pa C.S. §2270.3

20. The FCEUA proscribes, inter alia, engaging in any false, misleading or deceptive representations when attempting to collect a consumer debt.

21 The actions of Defendants, as aforesaid, constitute false, misleading or deceptive representations.

22. Violations of the FDCPA is a per se violation of the FCEUA and the UTCPL.

23. As a direct and proximate result of the said actions, Plaintiff as suffered financial harm.

24. By virtue of the violations of law as aforesaid, and pursuant to the FCEUA and UTPCPL, Plaintiff is entitled to an award of actual damages, treble attorneys' fees and costs of suit.

**WHEREFORE**, Plaintiff prays this Honorable Court enter judgment in his favor and against Defendant, and Order the following relief:

a. Actual damages;

b. Treble damages;

c. An award of reasonable attorneys fees and expenses and costs of suit; and

d. Such additional relief as is deemed just and proper, or that the interests of justice may require.

## COUNT III
### VIOLATIONS OF PENNSYLVANIA CONSUMER PROTECTION LAW ("UTPCPL"), 73 Pa. C.S. §201-1 et seq.

25. The foregoing paragraphs are incorporated herein by reference.

26. Plaintiff and Defendant are "Person[s]" pursuant to 73 Pa. C.S. §201-2.

27. The UTPCPL proscribes, inter alia, engaging in any "unfair or deceptive acts or practices" either at, prior to, or subsequent to a consumer transaction.

28. The actions of Defendant, as aforesaid, constitute unfair or deceptive acts and practices under the UTPCPL, by way of the following, inter alia:

a. Defendant misrepresented to Plaintiff the character, extent, or amount of the debt or its status in a legal proceeding, 73 P.S> §201-3.1;

    b.    Defendant engaged in fraudulent or deceptive conduct which created a likelihood of confusion or of misunderstanding, 73 P.S. §201-2(xxi);

    c.    Defendant failed to comply with the FDCPA and FCEUA which are <u>per se</u> violations of the UTPCPL;

29.    As a direct and proximate result of the said actions, Plaintiff has suffered financial damages and other harm.

30.    By virtue of the violations of law as aforesaid, and pursuant to the UTPCPL, Plaintiffs are entitled to an award of actual damages, treble damages, attorney's fees and costs of suit.

**WHEREFORE,** Plaintiff prays this Honorable Court enter judgment in his favor and against Defendant, and Order the following relief:

    i.    An Order declaring that Defendant violated the UTPCPL;

    ii.    Actual damages;

    iii.    Treble damages;

    iv.    An award of reasonable attorney's fees and expenses and costs of suit; and

    v.    Such addition relief as is deemed just and proper, or that the interests of justice may require.

**V.     JURY DEMAND**

Plaintiff hereby demands a jury trial as to all issues herein.

                                    **Respectfully submitted,**

                                    **WARREN, VULLINGS & VASSALLO, LLP**

**Date:   2/12/08**           **BY:     /s/Carol L. Vassallo_____**
                                    Carol L. Vassallo, Esquire
                                    Warren, Vullings & Vassallo LLP
                                    Identification No. 45372
                                    1603 Rhawn Street
                                    Philadelphia, PA  19111
                                    215-745-9800   Fax 215-745-7880
                                    Attorney for Plaintiff